Leon Ray ROBINSON *v.* STATE of Arkansas

CR 93-1273                                    878 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered June 27, 1994

*Janet L. Thornton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Leon Ray Robinson was convicted of two counts of delivery of a controlled substance. He contends

the Trial Court erred by failing to grant a continuance he requested before trial in order to interview a previously unavailable witness. He also contends the Trial Court erred by imposing a life sentence not shown as an option on the form given to the jury for the purpose of stating the sentence to be imposed. We hold Mr. Robinson was not prejudiced by denial of his continuance motion as his lawyer was allowed to interview the witness before the trial. Nor do we find any prejudice in the defective form given to the jury, as the sentence imposed had been the subject of a jury instruction and was within the range of sentences provided by law for the offense charged.

There was evidence from which the jury could have found the following. Two undercover officers were introduced to Mr. Robinson by a confidential informant. They purchased two twenty-dollar rocks of crack from Mr. Robinson. On a later occasion, the confidential informant arranged another drug sale by Mr. Robinson at a convenience store.

Mr. Robinson was charged with two counts of delivery of a controlled substance. He was tried and convicted on each count and sentenced to fifteen years for the first count and life imprisonment for the second.

### 1. Continuance

The standard of review for alleged error resulting from denial of a continuance is abuse of discretion. *Golden* v. *State*, 265 Ark. 99, 576 S.W.2d 955 (1979). Absent a showing of prejudice by the defendant, we will not reverse the decision of a trial court. *Burton* v. *State*, 314 Ark. 317, 862 S.W.2d 252 (1993).

The State listed Jana Shyrock Chambers, the confidential informant, as a witness on July 2, 1993. No address or telephone number was provided. Mr. Robinson's attorney sought the continuance to have time to interview Ms. Chambers. The State responded that Ms. Chambers was incarcerated at the time she was listed as a witness, and thus was available.

Mr. Robinson's attorney first met and questioned Ms. Chambers on the morning of trial, July 8, 1993, in the presence of police officers. Mr. Robinson's attorney objected to having to

interview Ms. Chambers under those circumstances and requested a continuance. The prosecutor responded that Ms. Chambers was on the subpoena list and had stated that she had no desire to speak to Mr. Robinson's attorney.

The Trial Court asked what could be gained if the case were continued, and the attorney stated she wished to delve into Ms. Chambers' relationship with Mr. Robinson's family and her motive for informing against Robinson. The Trial Court offered Mr. Robinson's attorney some time before the trial to question Ms. Chambers privately. The attorney responded, "Okay, if I could have like just two or three minutes with her." She then questioned Ms. Chambers further. She returned and informed the Trial Court that Ms. Chambers had said everything she was going to say to her. The Trial Court asked what benefit any additional time would provide, and Mr. Robinson's attorney responded, "Nothing further than just, I guess, a wearing-down process you might say for her to tell me something. But at this point she can't tell me anything that I can use at trial." The continuance was denied.

■ The State is required to notify a defendant of the names and addresses of witnesses it will use in its case-in-chief, upon a timely request, in sufficient time to permit beneficial use by the defense. *See* Ark. R. Crim. P. 17.1 (a)(i); *Birchett* v. *State*, 289 Ark. 16, 708 S.W.2d 625 (1986). Mr. Robinson contends the time allowed to interview Ms. Chambers was insufficient.

This appeal is factually similar to *Burton* v. *State, supra.* There, the prosecutor failed to list two police officers and a chemist with the State Crime Laboratory as witnesses. Mr. Burton's attorney objected to their testimony, which the Trial Court ruled admissible. While not condoning the prosecutor's actions, we affirmed the Trial Court's decision. We held the testimony of the witnesses did not prejudice Mr. Burton. We said, with respect to one of the witnesses, the Trial Court had remedied the prosecutor's failure to disclose by allowing the defense counsel the opportunity to interview the undisclosed witness before trial.

■ Here, the Trial Court allowed Mr. Robinson's attorney the time she requested to interview Ms. Chambers before trial. When she informed the Trial Court that further question-

ing of Ms. Chambers would probably produce no more information, the continuance was denied. There was no abuse of discretion, and in any event, Mr. Robinson suffered no prejudice.

### 2. Sentencing

Mr. Robinson was charged with two counts of delivery of a controlled substance. Each is a Class Y felony, which pursuant to Ark. Code Ann. § 5-64-401(a)(1)(i) is punishable by 10 to 40 years imprisonment, or life; and a fine not exceeding $25,000. As Mr. Robinson had a previous drug conviction, Ark. Code Ann. § 5-64-408(a) allowed him to be subjected to twice the term and fine authorized.

The jury was instructed that Mr. Robinson could be sentenced to life imprisonment. The verdict form given to the jury merely provided, "not less than 10 years nor more than 80 years." The jury returned a verdict of fifteen years on the first count and wrote in "life" on the second count, ignoring the limit apparent on the form.

■■ Mr. Robinson made no objection to the sentence. We have repeatedly stated we will not address issues presented for the first time on appeal. *Robinson* v. *State*, 314 Ark. 243, 861 S.W.2d 548 (1993). No authority is cited in support of the argument that the sentence was imposed erroneously. This Court will not address arguments not supported by authority or convincing argument. *Franklin* v. *State*, 314 Ark. 329, 863 S.W.2d 268 (1993). Finally, the jury was correctly informed that Mr. Robinson was eligible for a life sentence. Absent a showing of prejudice, we will not reverse. *See Hall* v. *State*, 315 Ark. 385, 868 S.W.2d 453 (1993).

■ Pursuant to Ark. R. Sup. Ct. 4-3(h) the record in this case has been examined, and no rulings adverse to Mr. Robinson constituting prejudicial error were found.

Affirmed.