OUACHITA MINING AND EXPLORATION, INC. *v.*
Jack WIGLEY, Mountain Resources, Inc.,
Russell Oinonen and Fred Kopp

94-374                                                778 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered November 21, 1994

*Friday, Eldredge & Clark*, by: *Elizabeth J. Robben* and *Jeffrey H. Moore*, for appellant.

*Bob Keeter*, for appellees.

ROBERT L. BROWN, Justice. This appeal concerns the issue of whether a party defendant (appellee Jack Wigley) is permitted to use parts of his deposition in his case in chief after the plaintiff (appellant Ouachita Mining and Exploration, Inc.) has first presented parts of the same deposition to the jury. Ouachita Mining contends that the trial court abused its discretion in allowing Wigley to use parts of his own deposition in his defense. We disagree, under these circumstances, and we affirm the judgment.

In 1986, appellees Jack Wigley and Fred Kopp were principal owners of appellee Mountain Resources, Inc., an Arkansas corporation, which owned several mining claims for gold in an area near the town of Cherry Hill. Appellee Russell Oinonen investigated those claims on behalf of certain people in the State of Ohio who would eventually form Ouachita Mining. Oinonen returned to Ohio with sample rocks and assays, suggesting a value for gold ore at the Cherry Hill site of $1,100 per ton. Ouachita Mining was then organized, and on August 14, 1986, Mountain Resources entered into an agreement with Ouachita Mining for the assignment of the Cherry Hill claims. Ouachita Mining did not conduct independent geological or exploratory work on the Cherry Hill claims before entering into the contract. In September 1986, Ouachita Mining also invested in an existing mill, Jackpot Mill, in which Jack Wigley was a one-third owner. A joint venture agreement between Wigley and Ouachita Mining was struck, and the plan was to use Jackpot Mill to perform the separation process for the gold ore.

After purchasing the claims, Ouachita Mining conducted exploratory searches at the Cherry Hill site, and its geologist, Wallace Mitchell, concluded in a report to the corporation sub-

mitted on October 27, 1986, that there was no gold in the area. Ouachita Mining next sought to sell off some of the claims, but its potential buyer, Sunshine Mining Company, also concluded, after conducting assays, that the claims would yield no gold. In January 1987, Ouachita Mining ceased making payments on its contract to Mountain Resources, and on May 16, 1991, it sued Mountain Resources, Jack Wigley, and others for damages for (1) various violations of the Arkansas Securities Act; (2) common law fraud; (3) breach of contract; and (4) breach of fiduciary duty. Compensatory damages as well as punitive damages in the amount of $1 million were sought.

At the ensuing jury trial, Ouachita Mining called Jack Wigley as a witness as part of its case. Wigley appeared to be very hard of hearing and was having difficulty answering questions. The trial court called the attorneys to the bench to discuss Wigley's problem, and defense counsel recommended that counsel for both sides reduce their questions to writing. The trial court suggested a recess so that counsel for Ouachita Mining could have time to write out their questions and defense counsel could review the proffered documents to determine whether they could stipulate to their admissibility.

After the recess, the following colloquy occurred among counsel and the trial court:

> Mr. Moore [Ouachita Mining's counsel]: Thank you, Your Honor. Your Honor, with the Court's permission, we plan to read portions of Mr. Wigley's deposition in lieu of his testimony as if he was a declarant and unavailable. If you would determine that he was a declarant and a part (sic) opponent, Your Honor. We would offer his deposition, portions of his deposition against him as party opponent.

> Mr. Keeter [Defense counsel]: No objection to that, Your Honor, on the condition that I also can read parts of the deposition given by Mr. Wigley.

> By the court: If part of it is offered, any other part of it can be offered.

> By Mr. Moore: Subject to the rules of evidence as to relevance.

By the court: Of course.

Mrs. Robbens [Ouachita Mining's counsel]: Your Honor, I believe that we're entitled to — regardless of an unavailability or availability to read a party opponents. I don't believe that holds true for Mr. Keeter.

By the court: Well, if you read part of it, then he can read part of it. It's real simple. Go ahead.

Mr. Moore [Ouachita Mining's counsel]: Is Mr. Keeter limited in any way? Can he read any part of the deposition? I'm not offering the entire deposition into evidence, Your Honor. I'm curious, are we making an agreement here or —

By the court: Well, apparently you're not, but I'm going to let — in view of the witness's remarks earlier and his apparent inability to hear, I'm going to allow the use of the deposition. If I let you use part of it, then I should let them use part of it. It seems only fair to me. Now, as far as any evidentiary problems, you'll have to bring those to my attention somehow so I can rule on it, keeping in mind I don't have a copy of it.

Ouachita Mining's counsel then used Wigley's deposition to introduce several documents. Counsel also read several excerpts from that deposition to the jury.

Following the use of Wigley's deposition by Ouachita Mining, defense counsel tried to use it in cross-examination. The trial court stopped defense counsel's use of the deposition when Ouachita Mining's counsel objected on grounds of hearsay. Discussion among the trial court and counsel for the parties was had over which theory had been employed to allow Ouachita Mining to read the deposition. Ouachita Mining's counsel contended that they had offered parts of the Wigley deposition on the basis that Wigley was a party opponent witness. Defense counsel countered that one ground argued by Ouachita Mining was unavailability of Wigley due to deficient hearing. Ouachita Mining's counsel offered to withdraw the "unavailability" ground as a reason for usage and stated that they only invoked use of the deposition as a statement by a party opponent. Defense counsel stated that he had not objected to use of Wigley's deposition because he had understood that he could also introduce parts of the depo-

sition. The trial court ended the discussion by saying that it would rule on defense counsel's use of the deposition after defense counsel called Wigley as a witness in his own case.

After Ouachita Mining rested, its counsel objected to Wigley's use of the deposition in his case in chief because defense counsel had not demonstrated that Wigley was unavailable. The trial court overruled the objection. Defense counsel called Wigley as a witness and began to read parts of his deposition. At one point, Ouachita Mining objected to Wigley's deposition testimony on the basis that Wigley was interpreting a contract in violation of the parol evidence rule. The trial court made the following ruling and finding:

> By the court: Since we're allowing this testimony over the objection of the Plaintiff to be presented in the form of this deposition, due to [the] severe apparent hearing problem of this witness, Mr. Wigley, the Court is finding he is unavailable and I'm going to sustain the objection based on the parole (sic) evidence rule.

The trial court later appeared to retract its ruling on the parol evidence rule, and defense counsel continued to read extensively from Wigley's deposition. Following that, counsel for Ouachita Mining conducted cross-examination by one written question, and on redirect, defense counsel submitted two written questions. After recross by a written question, defense counsel began to ask oral questions. Ouachita Mining's counsel objected to this, and the trial court sustained the objection.

At the conclusion of the trial, the jury returned a verdict in favor of the appellees on all counts, and judgment was entered accordingly.

Ouachita Mining argues in this appeal that the trial court abused its discretion in allowing Wigley to use his own deposition in his defense when he was present. There are three facets to this argument: (1) appellees failed to prove that Wigley was unavailable which would render his deposition testimony an exception to the hearsay rule under Ark. R. Evid. 804; (2) appellees failed to give notice that it would use Wigley's deposition; and (3) Ouachita Mining was prejudiced by Wigley's use of his deposition.

Though Ouachita Mining hinges much of its appeal on the issue of whether defense counsel proved that Wigley was unavailable, we conclude that the issue is decided by Rule 32 of our rules of Civil Procedure regarding use of depositions in court proceedings. The trial court was adamant throughout the trial that if one party uses part of a deposition at trial, the other party is likewise entitled to do the same. We agree.

■ Jack Wigley was a party defendant to this lawsuit brought by Ouachita Mining. Ouachita Mining had taken his deposition and then sought to use it at trial. Rule 32(a)(2) of the Arkansas Rules of Civil Procedure reads: "The deposition of a party . . . may be used by an adverse party for any purpose." Moreover, our rules of evidence are clear that admissions by a party-opponent are not hearsay. Ark. R. Evid. 801(d)(2). Hence, Ouachita Mining was entitled to use the deposition of Jack Wigley as part of its case irrespective of the hearsay rule and irrespective of whether Wigley was available or unavailable at trial, and Ouachita Mining did so.

■ After Ouachita Mining used parts of the Wigley deposition, the trial court was correct in allowing Wigley to use any other parts of his own deposition as part of his case. Our Rules of Civil Procedure are unequivocal on this point:

> (4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which ought in fairness to be considered with the part introduced, *and any party may introduce any other parts.*

Ark. R. Civ. P. 32(a)(4) (emphasis ours). We observe no requirement for Wigley to prove his own unavailability once Ouachita Mining chose to introduce part of Wigley's deposition into evidence. That act opened the door for Wigley to use "other parts" of the same deposition.

■ Ouachita Mining maintains that this presents an anomalous situation where the defendant is present at trial, yet using his own deposition in lieu of live testimony. But it was Ouachita Mining that first used the Wigley deposition, and our rules permit defense counsel to do exactly what was done in this case. Otherwise, a party entitled to use the deposition of a party oppo-

nent could receive an unfair advantage by reading from the opposing party's deposition and then foreclosing that party from responding with testimony from the same deposition. To allow what Ouachita Mining advocates would hamstring the opposing party and is at odds with Rule 32(a)(4). Ouachita Mining also contends that Rule 32(a)(4) was not the basis for the trial court's decision, but it is undisputed that the court referred to the terms of the rule in its comments from the bench, if not to the number of the rule itself. There was no abuse of discretion by the trial court on this point.

■ Nor did the trial court err in not requiring prior notice to Ouachita Mining that Wigley was going to use his own deposition. For one thing, as already pointed out, Wigley did not initiate use of his deposition. The opposing party, Ouachita Mining, did. It would be somewhat ludicrous to then mandate Wigley to notify Ouachita Mining that it was going to avail itself of the same deposition. Furthermore, the apposite rule of procedure does not require this. Ark. R. Civ. P. 32(a)(4). To reiterate, once one party has used the deposition at trial, an opposing party may introduce any other parts regardless of that party's availability, subject, of course, to the rules of evidence.

■ For its final point, Ouachita Mining urges that it was prejudiced by Wigley's use of the deposition. We need not reach this argument because we hold that the trial court appropriately exercised its discretion in permitting Wigley to use his deposition under these circumstances.

Affirmed.