Thomas O. DAVLIN *v.* STATE of Arkansas

CR 94-1452                                          899 S.W.2d 451

Supreme Court of Arkansas
Opinion delivered May 30, 1995

*William M. Pearson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was previously convicted of rape and sentenced to life imprisonment. We reversed and remanded for a new trial. *Davlin* v. *State*, 313 Ark. 218, 853 S.W.2d 882 (1993). Upon retrial, he was again convicted of rape and sentenced to life imprisonment. This time, we affirm.

Appellant's first assignment is that the trial court erred in

refusing to allow evidence of the rape victim's prior sexual conduct. Appellant filed a pretrial motion pursuant to Ark. Code Ann. § 16-42-101(c), a part of the Rape Shield Statute, in which he alleged that the victim's prior sexual conduct was relevant for either of two purposes. One was to impeach one of the State's witnesses, Michael Yarbrough, and the other was to demonstrate that injuries suffered by the victim were inflicted by the victim's husband before the rape occurred. Appellant alleged that the victim's husband caused the black eye when he struck her after discovering that she was having an extra-marital affair.

Two witnesses testified at the hearing. The first witness, Ernie Joe Tate, testified that the victim had a black eye the day before the rape occurred. He indicated the victim received the black eye from her husband, but his only knowledge of the incident came from conversations with other people. Tate also thought that the victim was having a sexual affair with Michael Yarbrough during this time. Appellant also testified. He testified that he was living in a trailer with Michael Yarbrough, and he thought Yarbrough and the victim were having a sexual affair, although he never observed them engaging in a sexual relationship. Appellant testified that the victim's husband struck her because she spent the night at Yarbrough's trailer and that was the cause of the black eye. Appellant testified that this information came from his overhearing a conversation between the victim's sister and the victim.

■■ Under the Rape Shield Statute, a trial court has discretion in the admission of evidence of the victim's prior sexual conduct. *Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 848 (1994). We will not reverse a trial court's decision absent an abuse of discretion. *Drymon* v. *State*, 316 Ark. 799, 875 S.W.2d 73 (1994). Here, the trial court ruled that the testimony about the black eye existing before the rape occurred was admissible, but excluded any testimony regarding the existence of a sexual relationship between the victim and Michael Yarbrough. Under this ruling appellant was free to bolster his claim of consent by showing that the victim had a black eye before the rape occurred. However, the reason the victim's husband supposedly struck the victim was only minimally relevant, and its prejudice substantially outweighed its probative value. Moreover, as noted by the trial court, the evidence about the cause of the argument was entirely hearsay.

■    Appellant also argues that the evidence was admissible to impeach the credibility of Michael Yarbrough, one of the State's witnesses. The trial judge allowed appellant to put on testimony of the close relationship between Yarbrough and the victim, but ruled that evidence of a sexual affair between them was not admissible. The ruling was in accordance with the Rape Shield Statute. Appellant failed to show how evidence of the alleged sexual affair would impeach Yarbrough's credibility. While the credibility of a witness is always in issue, *see* A.R.E. Rule 608, the testimony must be relevant to a determination of credibility or veracity, and appellant offered no link between evidence of the alleged sexual affair and Yarbrough's credibility. In summary, the trial court did not abuse its discretion by excluding evidence that the close relationship included a sexual affair.

■    In his second assignment appellant contends the trial court erred in admitting a photograph of appellant which was taken shortly after his arrest. It depicts appellant sitting down, shirtless, with his hands behind his back. Appellant argues that the admission of this photograph prejudiced him because his hands are shown behind his back and that implies he was handcuffed. We have held that it is not prejudicial, per se, for a jury to witness a defendant in handcuffs. *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985). The arresting officer testified that the picture accurately depicted appellant immediately after he was arrested. The trial judge did not abuse his considerable discretion in the decision to admit State's exhibit number ten.

■    Appellant next contends the trial court erred in admitting a photograph of the victim that contains three small arrows that point to contusions on the victim's neck and one circle drawn around a bruise on her jaw. These marks were made by a witness at the first trial. Appellant argues that the marks distort the photograph, rendering it inadmissible as prior testimony and hearsay, and that the photograph should have been excluded under the best evidence rule. Appellant did not make the hearsay argument below, and, consequently, we do not consider that argument.

■■    The marks are hardly noticeable and do not distort the photograph. The examining physician gave testimony about the victim's injuries and discussed the injuries denoted by the marks. Other witnesses testified that the photograph accurately

depicted the victim's injuries after the incident. Even if the small marks constitute prior testimony, appellant offers no authority and does not make a convincing argument that they render the entire photograph inadmissible. *See Robinson* v. *State*, 317 Ark. 407, 878 S.W.2d 405 (1994). Appellant also contends that the photograph was inadmissible under the best evidence rule, A.R.E. Rule 1002. The Rule requires an original of a photograph in order to prove its contents, except as otherwise provided in the Rules. Appellant does not assert that the photograph is not the original, merely that it is not in its original form. This fact would not trigger the application of the best evidence rule. Appellant has not shown that the trial court abused its discretion in admitting this photograph.

In his final assignment appellant contends that the trial court erred in allowing the examining physician to testify about the ultimate issue. He also argues that the physician's testimony was inadmissible because the issue was not beyond the comprehension of the average juror.

Rule 704 of the Arkansas Rules of Evidence provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." We have stated that the trend of authority is not to exclude opinion testimony because it amounts to an opinion on the ultimate issue. *Long* v. *State*, 284 Ark. 21, 25, 680 S.W.2d 686, 688 (1984). There, we noted that while the opinion testimony embraced the ultimate issue, it did not mandate a legal conclusion. *Id.* Under this standard we have held in a child sexual abuse case that the opinion of an expert that a child has been sexually abused is not objectionable on the basis that it is an opinion on the ultimate issue. *Johnson* v. *State*, 292 Ark. 632, 732 S.W.2d 817 (1987).

In the case at bar, the physician testified about the physical examination of the victim that he conducted immediately after the rape. He testified that the victim had a small bruise in her vaginal area. The prosecutor asked the doctor whether or not the injuries in the vaginal area were the result of forced sex. He responded:

It would, it would be consistent with that. It would .— With the other, the other findings, the seminal fluid, . . .

the other things, it would be consistent with that. However, I mean, it would be possible to get the contusion in that area, but it would require a blow with something fairly, fairly small.

While this testimony embraced the ultimate issue of forced sex, it did not mandate a legal conclusion. The testimony did not exclude other causes for the bruising. Thus, it was not inadmissible opinion testimony on the ultimate issue. Further, the testimony was admissible because it aided the jurors in determining the facts in dispute. Expert testimony is admissible if it will aid the trier of fact in understanding the evidence or determining a fact in issue. A.R.E. Rule 702; *Utley* v. *State*, 308 Ark. 622, 826 S.W.2d 268 (1992). Here, the physician conducted a physical examination of the victim immediately after the rape, and the results of that exam assisted the jurors in determining whether the victim had been forced to have sexual intercourse.

The sentence in this case is life imprisonment. Accordingly, an examination of the entire record has been made to determine if there were any erroneous rulings adverse to appellant that would cause reversal. Ark. Sup. Ct. R. 4-3(h). There are no such reversible errors.