Dennis Lamond THOMPSON *v.* Chester A. PERKINS

95-575 911 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered December 11, 1995

722

*William J. Stanley* and *Rieves & Mayton*, by: W. *Terry Smith, Jr.*, for appellant.

*Daggett, Van Dover & Donovan, PLLC*, by: *Robert J. Donovan* and *J. Shane Baker*, for appellee.

ANDREE LAYTON ROAF, Justice. This appeal arises out of a motor vehicle collision. Appellant Dennis Lamond Thompson filed suit against appellee Chester A. Perkins for personal injuries and property damage to his motorcycle. Appellee Perkins counterclaimed for property damage to his automobile. The jury returned a general verdict finding against Thompson on his complaint and against Perkins on his counterclaim. On appeal, Thompson asserts that the trial court erred (1) in allowing Thompson's lay opinion as to which party had the "right-of-way" and (2) in allowing testimony concerning the health of Perkins' wife, the treatment she was receiving at the time of the accident, and the fact that Perkins was employed. We affirm.

## Facts

The collision occurred in April of 1989 at the intersection of an access road adjacent to the northbound lane of Interstate 55 in West Memphis, and the entrance ramp to Interstate 55. Appellant was riding his motorcycle in the southbound lane of the access road, and appellee was driving his automobile in the northbound lane of the access road. In order to enter Interstate

55, a northbound vehicle must cross at a diagonal the southbound lane of the access road.

According to appellant's testimony, as he approached the intersection of the access road and the entrance ramp he observed that he had a yield sign, slowed down to approximately fifteen miles per hour, observed four or five vehicles approaching in the northbound lane, including appellees, noted that none had on a left turn signal and proceeded through the intersection. The collision occurred in the southbound lane. Appellee testified that he turned on his turn signal one or two car lengths before he left the northbound lane and that he did not see the motorcycle until it was within twenty or thirty feet of his vehicle, and he was already in the southbound lane.

### a. Lay Opinion

Appellant argues the trial court erred in allowing appellee's attorney to elicit his lay opinion as to which party had the "right of way." During cross-examination, appellant stated that at the time he gave a deposition he felt that the cars he was meeting had the right-of-way. Appellant's attorney objected to the question on the basis that A.R.E. Rule 701 provides that a lay witness's opinion is not admissible if it is not helpful to a clear understanding of his testimony. The trial court overruled the appellant's objection, first characterizing it as an admission against interest, and later stating that "this is lay testimony [and] [l]ay witnesses can give opinions."

On appeal, appellant asserts that his opinion testimony did not satisfy the second requirement of A.R.E. Rule 701, that the testimony be helpful. Arkansas Rule of Evidence 701 provides:

> Opinion testimony by lay witnesses. — If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are
>
> (1) Rationally based on the perception of the witness; and
>
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

Appellant contends the "jury could have determined, absent appellant's testimony, which party had the right-of-way based upon all facts presented in the case and the law as instructed by the Court" and the opinion testimony did not aid the jury in determining any fact in issue.

We have said that Rule 701 is not a rule against conclusions; it is a rule conditionally favoring them. *Carton* v. *Missouri Pac. R.R.*, 303 Ark. 568, 798 S.W.2d 674 (1990). In *Carton* v. *Missouri Pac. R.R.*, we said:

> [E]ven if the witness does have the requisite personal knowledge, any inferences or opinions he expresses must thereafter pass the rational connection and "helpful" tests of Rule 701. "The rational connection test means only that the opinion or inference is one which a normal person would form on the basis of the observed facts. He may express the opinion or inference rather than the underlying observations if the expression would be 'helpful to a clear understanding of his testimony or the determination of a fact in issue.'" If, however, an opinion without the underlying facts would be misleading, then an objection may be properly sustained. (Citations omitted.)

Further, testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. A.R.E. Rule 704; *Davlin* v. *State*, 320 Ark. 624, 899 S.W.2d 451 (1995).

Here, appellant's testimony regarding the right-of-way was based on observed facts provided in his testimony — the location of his motorcycle, the oncoming vehicles in the northbound lane, and the yield sign. His opinion that appellee had the right-of-way is one which a normal person would form on the basis of the facts observed, and his opinion testimony did not mandate a legal conclusion. *See Davlin* v. *State, supra; Carton* v. *Missouri Pac. R.R., supra.* Finally, his opinion was helpful to the determination of a fact in issue, whether appellee was negligent. Thus, the trial court did not abuse its discretion in admitting the testimony. *See Scroggins* v. *Southern Farmers' Ass'n*, 304 Ark. 426, 803 S.W.2d 515 (1991); *see also Robinson*

v. *Bump*, 894 F.2d 758 (5th Cir. 1990)(admission in negligence action of lay opinion that defendant was "in total control" of vehicle not an abuse of discretion); *Young* v. *Illinois Cent. Gulf R. Co.*, 618 F.2d 332 (5th Cir. 1980)(testimony from lay witnesses concerning their impression of condition of railroad crossing improperly excluded).

■ Appellant also submits that if the lay opinion "in some unknown way satisfied both parts of Rule 701," then the relevance of the testimony was substantially outweighed by the unfair prejudice. This theory, however, was not presented to the trial court and we will not address a different argument raised for the first time on appeal. *See Davis* v. *State*, 317 Ark. 592, 879 S.W.2d 439 (1994).

■ Appellant finally asserts that the "error" in allowing the lay opinion testimony was compounded when the trial court permitted appellee to read into evidence appellant's deposition testimony regarding the right-of-way. The appellant submits the deposition testimony had no relevance and was cumulative because all facts had been presented to the jury, including his earlier testimony regarding the right-of-way. He contends that, even if the deposition testimony was relevant, it should have been excluded pursuant to A.R.E. Rule 403. The trial court determined the evidence had already been presented, but no prejudice would result "in this being read further into evidence." We have stated that we will not find prejudicial error where the evidence erroneously admitted was merely cumulative. *Callahan* v. *Clark*, 321 Ark. 376, 901 S.W.2d 842 (1995).

■ In addition, prior to appellee's reading of appellant's deposition, appellant's counsel read into evidence a portion of the deposition in which appellant stated that because appellee failed to use a turn signal, he assumed appellee was not turning and he therefore had the right-of-way. Arkansas Rule of Civil Procedure 32(a)(4) provides that if only a part of a deposition is offered in evidence by a party, any party may introduce any other parts. *See also Ouachita Mining & Exploration, Inc.* v. *Wigley*, 318 Ark. 750, 778 S.W.2d 526 (1994). We cannot say the trial court abused its discretion in allowing the lay opinion testimony of the appellant.

## b. Appellee's Employment and Health of Spouse

Appellant argues the trial court erred in allowing testimony concerning the health of appellee's spouse, treatment she was receiving at the time of the incident, and that appellee was employed. Prior to appellee taking the stand, the appellant moved to prohibit him from testifying that he was still working and that his wife had cancer. The appellant asserted the only claim being made by appellee was for property damage; therefore, the testimony regarding his wife's health was not relevant under A.R.E. Rule 402. As to the testimony regarding Mr. Perkins' employment status, the appellant also contended at trial that if the testimony was relevant it was prejudicial and should be excluded under A.R.E. Rule 403. The trial court concluded it would permit appellee to testify regarding why he was on the road, what type of treatment his wife was receiving, and his employment status.

Appellee testified that he was seventy-eight years old and he worked at Johnny Rye Grocery in Tyronza. He stated that at the time of the accident, his wife was in the vehicle with him, and that they were returning home from West Memphis, where his wife was being treated for cancer. He stated they had gone back several times for her checkups, and he was familiar with the intersection where the accident occurred. Finally, appellee testified his wife was not present at the trial because her doctor did not want her to attend.

On appeal, the appellant asserts the testimony in question "was in no way relevant to any issue involved in the underlying lawsuit." Accordingly, the appellant submits the testimony should have been excluded pursuant to A.R.E. Rule 402. Arkansas Rule of Evidence 402 provides:

> Relevant evidence generally admissible — Irrelevant evidence inadmissible. — All relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible.

A trial court's ruling on the relevancy of evidence will not be reversed absent an abuse of discretion. *In Re Adoption of K.F.H. and K.F.H.*, 311 Ark. 416, 844 S.W.2d 343 (1993). Further, we will not reverse a trial court's weighing of probative value against

unfair prejudice under Rule 403 unless there has been a manifest abuse of discretion. *Billett* v. *State*, 317 Ark. 346, 877 S.W.2d 913 (1994); *see also Miller* v. *Nix*, 315 Ark. 569, 868 S.W.2d 498 (1994).

 Appellee asserted at trial that the fact that he was still working was relevant because he was seventy-eight years old and the jurors might question an elderly person's driving skills. Indeed, whether appellee was negligent was the ultimate issue in the appellant's complaint, and whether he could properly maintain and control his vehicle was relevant. Testimony that he was still employed was evidence which had a tendency to make the existence of a fact of consequence to the determination of the action more probable or less probable than it would have been without the evidence. A.R.E. Rule 401. We cannot say the trial court abused its discretion in concluding that the status of appellee's employment was admissible under A.R.E. Rule 403.

 The testimony regarding appellee's familiarity with the intersection and his reason for being there was relevant to the issue of his negligence. At trial, the appellant argued the testimony was not relevant because appellee's complaint was only for property damage; however, his complaint alleged that appellee's negligence was the cause of the accident. Finally, we cannot say the trial court abused its discretion in permitting appellee to explain his wife's absence as a witness. In testifying regarding his wife's absence, Mr. Perkins was simply explaining why he was the only witness in support of his claim, and the credibility of a witness is always in issue. *See* A.R.E. Rule 608; *Davlin* v. *State*, 320 Ark. 624, 899 S.W.2d 451 (1995).

Affirmed.

NEWBERN, J., not participating.