Leonard PORTER *v.* STATE of Arkansas

CR 04-43                                    197 S.W.3d 445

Supreme Court of Arkansas
Opinion delivered November 4, 2004

*David L. Dunagin*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen.

ANNABELLE CLINTON IMBER, Justice. Appellant Leonard Porter appeals from a conviction of aggravated robbery. He was sentenced to life imprisonment without parole; thus, this court's jurisdiction is proper pursuant to Ark. R. Sup. Ct. 1-2(a)(2). Two months before the trial, Mr. Porter was convicted of capital murder and aggravated robbery arising out of a completely different incident. During the voir-dire phase of the trial that is the subject of the current appeal, the jurors were each asked if they had any previous knowledge of or familiarity with Mr. Porter. Those jurors who

expressed any recognition were immediately summoned to the bench and further questioned outside the hearing of the other jurors. All jurors who were possibly tainted were eventually dismissed from service, and Mr. Porter voiced his approval of each juror selected. Despite these extensive precautions, Mr. Porter argues that the jury pool was contaminated by pre-trial publicity concerning his prior convictions of aggravated robbery and capital murder, and the trial court erred in denying his motion for a change of venue. We find no merit and affirm.

Mr. Porter's only argument on appeal is that the trial court erred in denying his motion for a change of venue. He claims that he was unable to have a fair trial in Sebastian County because the jury pool was tainted by knowledge of his previous convictions for aggravated robbery and capital murder. We review the denial of a motion for a change of venue for abuse of discretion. *Noel v. State*, 331 Ark. 79, 960 S.W.2d 439 (1998). A change of venue should only be granted when it is clearly shown that a fair trial is not likely to be had in the county. *Baughman v. State*, 353 Ark. 1, 9, 110 S.W.3d 740, 745 (2003). A defendant is not entitled to jurors who are totally ignorant of the facts surrounding the case, as long as they can set aside any impression they have formed and render a verdict solely on the evidence at trial. *Id.*

In support of his argument that he should have been granted a change of venue, Mr. Porter cites two affidavits signed by members of the petit jury, stating that they felt the defendant could not receive a fair trial based on the negative talk and publicity throughout the county about his prior capital-murder conviction. These affidavits are simply not enough to suggest an abuse of discretion by the trial court. Affidavits that cite little or nothing beyond an affiant's own conviction that a fair trial is not possible are insufficient. *Noel v. State, supra.*

Furthermore, this court will not reverse a denial of a change-of-venue motion "if an examination of the jury selection shows that an impartial jury was selected and that each juror stated he or she could give the defendant a fair trial and follow the instructions of the court." *Noel v. State, supra; Robinson v. State,* 317 Ark. 407, 878 S.W.2d 405 (1994). Here, all the jurors selected specifically made such a pledge. In addition, the trial court took every precaution to ensure that the members chosen for the jury panel demonstrated absolutely no knowledge of Mr. Porter's previous convictions. Those potential jurors who had knowledge

of Mr. Porter's previous convictions were immediately brought up for a bench hearing to determine the scope of their knowledge, and all were ultimately dismissed. Moreover, as Mr. Porter "voiced his approval of each and every person selected to be seated on his jury," he cannot now challenge the impartiality of the jury. *See Ferguson v. State*, 343 Ark. 159, 179, 33 S.W.3d 115, 128 (2000).

We conclude that there was no abuse of discretion by the trial court in its ruling denying the change-of-venue motion.

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found. *Doss v. State*, 351 Ark. 667, 97 S.W.3d 413 (2003).

Affirmed.