2013 Ark. 262

STATE of Arkansas, Appellant

v.

Bernard KINDALL, Appellee.

No. CR–12–792.

Supreme Court of Arkansas.

June 20, 2013.

Dustin McDaniel, Att'y Gen., by: Nicana C. Sherman, Ass't Att'y Gen., for appellant.

David Sudduth, Deputy Public Defender, by: Clint Miller, Deputy Public Defender, for appellee.

JOSEPHINE LINKER HART, Justice.

As permitted by Rule 3(a)(3) of the Arkansas Rules of Appellate Procedure–Criminal, the State of Arkansas brings this interlocutory appeal from the Pulaski County Circuit Court's pretrial order granting the motion of the defendant, Bernard Kindall, to introduce at trial evidence of specific instances of sexual conduct of the alleged sexual-assault victim under Arkansas Code Annotated section 16–42–101(c) (Repl.1999), Arkansas's rape-shield statute. The alleged victim, K.J., is Kindall's cousin. The evidentiary issue in controversy in this case involves a specific instance of sexual conduct that occurred in 2006 between K.J. and D.R. D.R. is also K.J.'s cousin, and the alleged conduct between K.J. and D.R. occurred when K.J. was nine or ten years old. On appeal, the State asserts that the circuit court abused its discretion by ruling that the evidence is admissible. We conclude that the circuit court abused its discretion, and we reverse and remand.

Kindall was charged with second-degree sexual assault of K.J., a person less than

fourteen years old.[1] Prior to trial, Kindall filed a motion requesting a hearing under Arkansas Code Annotated section 16–42–101(c), alleging that K.J. had made similar allegations of sexual misconduct against others and that the evidence was relevant as to K.J.'s credibility. The motion stated that a hearing was necessary to determine if the probative value of the proffered evidence outweighed its inflammatory or prejudicial nature and to determine what questions could be asked at trial.

At the hearing on Kindall's motion, K.J. testified that D.R. had engaged in sexual intercourse with her. K.J. further testified that while the allegation was true, initially she had told her mother that the incident had not occurred. She stated that the reason for the denial was because she feared "what the consequences might be" and that she would "get in trouble" with her mother if her mother "didn't believe that I didn't want to do it." K.J. testified, however, that she later told her mother that the incident had occurred. She further testified that though she spoke to the police, neither she nor any member of her family attended D.R.'s juvenile hearing on the incident. She testified, however, that she was never contacted about appearing in court. K.J. stated that she was now fourteen years old and was twelve years old when D.R. was in court.

D.R. also testified at the hearing. He testified that he was nineteen years old and that four years earlier, in 2006, K.J. had accused him of rape. He denied that he had raped K.J. He stated that he went to juvenile court and entered a denial of the allegation but that neither K.J. nor any member of her family appeared in court and that the case "got threw out." He remembered that he was present "on the night of the situation" when K.J. told her mother that the incident did not occur.

At the hearing, the circuit court ruled that it was granting the motion to admit the evidence "on the issue of credibility, especially in a case where much depends on the veracity of the victim in stating what occurred in a situation." The court noted that "there is evidence that at one point anyway the victim recanted to someone with respect to the allegation that had been leveled against [D.R.]." The court also noted that "the victim did not show up at any court proceeding." The court further stated that it considered its "knowledge of how court proceedings operate, that ... almost always in an adjudication of a matter the victims do show up or are subpoenaed to show up in a case such as this." The court explained, "This has to do more with the Court's knowledge of proceedings in criminal cases, but mostly on the testimony of [D.R.] that no one showed up for whatever reason. The jury may be—that may be an indication of truthfulness."

In its written order,[2] the circuit court ruled that Kindall could introduce at trial certain evidence "for the purpose of assessing the credibility of K.J., the alleged victim, in the present case and not as proof of prior sexual conduct." The court set out the evidence that would be allowed and the scope of the questions. Particularly, the evidence included that prior to the present case, K.J. brought an allegation

---

1. The record shows that Kindall was born on January 11, 1981, that the alleged sexual conduct took place on or about December 9, 2008, and that the hearing was held on December 7, 2010.

2. In a previous appeal of this case, we reversed and remanded so that the circuit court could issue a written order in which the court made certain findings required by Arkansas Code Annotated section 16–42–101. *State v. Kindall*, 2011 Ark. 451, 2011 WL 5112841.

against D.R., accusing him of committing a sexual offense against her; that K.J. claimed that D.R. inserted his penis into her vagina; that K.J. informed her mother that the sexual offense she alleged against D.R. did not take place; that K.J. informed the police of the sexual-offense allegation; that D.R. was charged in juvenile court with committing a sexual offense against K.J. based on K.J.'s allegation; that D.R. appeared as a defendant in juvenile court to answer for the allegation and entered a plea of denial; that neither K.J. nor any member of her family attended D.R.'s juvenile court hearings concerning the allegation brought by K.J.; that the juvenile-court case against D.R. for committing the sexual offense as alleged by K.J. was dismissed by the State; and that D.R. stated that the allegation brought against him by K.J. was false. The court stated that it "considered the testimony involving the previous relationship between a cousin [D.R.] and the alleged victim and finds that the testimony's probative value outweighs the prejudicial effect."

On appeal from that order, the State argues that the circuit court abused its discretion in ruling that evidence of K.J.'s prior allegation of sexual conduct with D.R. is admissible. Particularly, the State challenges the court's consideration of its own knowledge of court proceedings and the court's reliance on K.J.'s and her family's failure to attend D.R.'s hearing despite K.J.'s explanation of why they failed to attend. The State further asserts that the court failed to explain why evidence of K.J.'s prior sexual conduct with D.R. is relevant to whether Kindall engaged in sexual conduct with K.J. or why the probative value of the evidence outweighed its inflammatory or prejudicial nature. The

State also asserts that the court ignored K.J.'s testimony that her allegation against D.R. is true. The State complains that the court's order is overbroad and admits evidence about K.J.'s prior sexual conduct. Further, the State asserts that the order does not specifically permit the State to present K.J.'s testimony that her allegation against D.R. is true.

Arkansas Code Annotated section 16–42–101(b),[3] provides in part that

evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.

Under our rape-shield statute, evidence of a victim's prior sexual conduct is not admissible by the defendant to attack the credibility of the victim. *Bond v. State*, 374 Ark. 332, 335, 288 S.W.3d 206, 209 (2008). The statute specifically precludes the admissibility of evidence of a victim's prior allegation of sexual conduct if the victim asserts that the allegation is true. In this instance, K.J. asserted that the prior allegation of sexual conduct with D.R. is true, so the rape-shield statute would preclude the admissibility of the evi-

3. This type of evidence is now addressed in Arkansas Rule of Evidence 411, which this court adopted effective January 1, 2013.

dence surrounding the allegation to attack K.J.'s credibility. *See Butler v. State*, 349 Ark. 252, 265–67, 82 S.W.3d 152, 160–61 (2002) (holding that the rape-shield statute is violated by undermining the victim's credibility with testimony about the victim's prior inconsistent statement).

The statute further provides, however, that the circuit court may admit evidence of the victim's prior sexual conduct with any other person if, following a hearing, "the court [6]determines that the offered proof is relevant to a fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature." Ark. Code Ann. § 16–42–101(c)(2)(C). Thus, the statute is not a total bar to evidence of a victim's sexual conduct but instead makes its admissibility discretionary with the circuit court pursuant to the procedures set out in the statute. *Gaines v. State*, 313 Ark. 561, 566–67, 855 S.W.2d 956, 958 (1993). Although the introduction of prior episodes of sexual conduct to attack the credibility of the victim is not absolutely barred by the rape-shield statute, it has been treated unfavorably by this court. *State v. Townsend*, 366 Ark. 152, 159, 233 S.W.3d 680, 685 (2006). In determining whether the evidence is relevant, the circuit court is vested with a great deal of discretion, and we will not overturn the circuit court's decision unless it constituted clear error or a manifest abuse of discretion. *Bond*, 374 Ark. at 336, 288 S.W.3d at 209.

In considering our previous decisions, we observe that in *Butler*, 349 Ark. at 265–67, 82 S.W.3d at 160–61, Butler argued that the circuit court erred in denying his motion to introduce evidence under the rape-shield statute. The circuit court conducted a rape-shield hearing to determine the admissibility of Butler's proffered testimony that was related to the victim's prior sexual conduct. The victim testified

that she told Butler's daughter that the victim's stepfather had sexually abused her, and she further testified that she never recanted her statement concerning her stepfather. Butler, however, testified that, during his visit with the victim, the victim recanted the allegation. The circuit court rejected Butler's proffer, finding Butler's testimony regarding the victim having had sexual contact with other persons was covered by and should be excluded under the rape-shield statute. On appeal, this court [7]noted that Butler proffered the testimony as evidence of the victim's prior inconsistent statements to undermine her credibility. This court concluded that the proffered testimony violated the rape-shield statute; thus, the circuit court did not abuse its discretion by ruling that the proffered testimony was inadmissible pursuant to the rape-shield statute. Though *Butler* involved the affirmance of the circuit court's rejection of evidence, the case is nevertheless instructive in that we approved the circuit court's preclusion of evidence of a victim's prior inconsistent statement to undermine her credibility because the proffered testimony violated the rape-shield statute.

Here, K.J.'s admission of making a prior inconsistent statement to her mother about D.R. is impeachment evidence on a matter collateral to the allegation against Kindall, and the circuit court's ruling broadly allows impeachment by the introduction of extrinsic evidence. *See generally Nevada v. Jackson*, 569 U.S. ——, 133 S.Ct. 1990, 186 L.Ed.2d 62 (2013)(per curiam). The order permits Kindall at his trial to question K.J. regarding her previous allegation of sexual conduct involving D.R. and her subsequent denial of the conduct to her mother. The order also allows testimony from D.R. that he was charged in juvenile court with committing a sexual offense against K.J., that he appeared as a defendant in juvenile court to answer for the

allegation, that neither K.J. nor any member of her family attended D.R.'s juvenile-court hearings, and that the case was dismissed by the State. It also permits D.R. to testify that K.J.'s allegation against him is false.

Although this testimony is not relevant to the case at bar, the jury, in hearing this testimony, would have to consider whether they believed K.J.'s allegation that D.R. engaged in sexual conduct with her or whether they believed D.R.'s denial of the allegation. The admission of the evidence would require the jury to assess K.J.'s explanation of why she gave the conflicting statement to her mother and her explanation as to why neither she nor her family attended D.R.'s hearing. In essence, Kindall's trial would turn into a trial within a trial on whether K.J.'s allegation against D.R. is true, pitting K.J.'s version of the events and her credibility against D.R.'s version and his credibility.

We have previously approved the disallowance of similar testimony. *See Butler supra.* Further, in this case, the circuit court's order permits impeachment on a matter that is collateral to the charge Kindall faces and allows impeachment with extrinsic evidence. Given this, we conclude that the circuit court abused its discretion in ruling that the evidence is admissible, as the probative value of the testimony relating to K.J.'s inconsistent statement to her mother is slight and is substantially outweighed by the prejudicial and inflammatory nature of the testimony. Accordingly, we reverse the circuit court's determination and remand the case for trial.

Reversed and remanded.

HANNAH, C.J., dissents.

JIM HANNAH, Chief Justice, dissenting.

I respectfully dissent. Under the rape-shield statute, Ark.Code Ann. § 16–42–101 (Repl.1999), evidence of a victim's prior sexual conduct is inadmissible at trial unless, after an in camera hearing prior to trial, the circuit court determines that "the offered proof is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature." Ark. Code Ann. § 16–42–101(c)(1)(2)(C). "The statute's purpose is to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt." *Bond v. State,* 374 Ark. 332, 335–36, 288 S.W.3d 206, 209 (2008). In other words, the rape-shield statute assures that the judicial process of determining the relevance and probative value of prior sexual conduct occurs in camera so that any inadmissible evidence of prior sexual conduct is not revealed in open court. In *Marion v. State,* 267 Ark. 345, 590 S.W.2d 288 (1979), shortly after adoption of the rape-shield statute in 1977, this court discussed the application of the rule and stated that "[t]he appellant certainly has no constitutional right to present irrelevant evidence at trial." *Marion,* 267 Ark. at 347, 590 S.W.2d at 289–90. In *Marion,* the evidence at issue was "the fact that the victim has two illegitimate children and an alleged reputation as a prostitute." *Id.,* 590 S.W.2d at 290. This evidence was not found relevant "to the central fact in issue, i.e., whether the alleged act of sexual intercourse actually occurred." *Id.,* 590 S.W.2d at 290.

In the present case, Kindall intends to attack through cross-examination the victim's credibility by showing that there is another alleged perpetrator who denies having committed a similar act and by

showing that the victim has made inconsistent statements. "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.... We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis v. Alaska,* 415 U.S. 308, 316–17, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Evidence of prior sexual ⌊10conduct can be admitted to attack credibility:

> Appellant failed to show how evidence of the alleged sexual affair would impeach Yarbrough's credibility. While the credibility of a witness is always in issue, *see* A.R.E. Rule 608, the testimony must be relevant to a determination of credibility or veracity, and appellant offered no link between evidence of the alleged sexual affair and Yarbrough's credibility. In summary, the trial court did not abuse its discretion by excluding evidence that the close relationship included a sexual affair.

*Davlin v. State,* 320 Ark. 624, 627, 899 S.W.2d 451, 453 (1995). Further, "[u]nder the Rape Shield Statute, a trial court has discretion in the admission of evidence of the victim's prior sexual conduct." *Id.* at 626, 899 S.W.2d at 452.

> The abuse-of-discretion standard "is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration."

*Scamardo v. State,* 2013 Ark. 163, at 7, 426 S.W.3d 900, (quoting *Grant v. State,* 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004)). In this case, the circuit court carefully followed the statute. This court increasingly places itself in the position of the circuit court and attempting to exercise the circuit court's discretion in the admission of evidence rather than exercising appellate review of circuit court decisions regarding admission of evidence. The in camera hearing was held and the required order was issued. The circuit court clearly did not act improvidently, thoughtlessly, or without due consideration. The circuit court did not abuse its discretion. Therefore, I dissent.