RHONDA K. WOOD, Associate Justice |jA jury convicted Jonathan Thacker of residential burglary and rape. Thacker was sentenced to imprisonment for eighteen years for rape and five years for residential burglary with the sentences to run concurrently. Thacker’s - sole issue presented is whether the circuit court erred in excluding evidence of DNA from semen samples found on the victim’s bedsheet and pillow that were inconsistent with his DNA. We find no error and affirm the circuit court’s ruling. In 2012, the victim, Hilborn, awoke to a man’s hands gripping her neck and choking her. Hilborn tried to fight off the attacker, but he subdued her. The man attempted to have vaginal intercourse with Hilborn in her bedroom. He initially was unable to obtain an erection and eventually could not maintain it even after he masturbated and forced her to orally stimulate hán. The man then pushed her into her bathroom where he forced her to engage in anal intercourse. However, when he stopped momentarily to reach for a lubricant, Hilborn jumped out of an open bathroom window. She ran across the street to \?a neighbor’s house where she called 911. Police officers, who responded to the incident, found Thacker’s wallet in Hil-born’s bedroom. At trial, Hilborn identified Thacker as her assailant. However, she admitted that when police showed her Thacker’s driver’s license photograph on the night of the incident she did not recognize him. It was not until the following day, after Thacker’s photograph was shown on a news report as a person of interest in the rape, that she told police that Thacker was the man who had raped her. Hilborn’s neighbor, Gary Eoff, also identified Thacker as the individual leaving Hilborn’s home at the time of the incident, but on cross-examination, he admitted that he initially described the assailant as being much shorter than Thacker and with lighter colored hair. Thacker testified in his defense at trial. He stated that he was at a friend’s home, and later at his house, around the time the burglary and rape occurred. Thacker presented testimony from two witnesses in support of his alibi. He further explained that he left his wallet in Hilborn’s home the previous week when he was there purchasing narcotics. For his only point on appeal, Thacker argues that the circuit court erred in excluding evidence of semen that did not belong to him on the victim’s bedsheet and pillowcase. Thacker advanced this issue in a pretrial motion pursuant to Arkansas Code Annotated section 16-42-101.[1] At the hearings, Thacker’s counsel argued that the evidence was Irrelevant to his theory of misidentification. He argued that he should be permitted to introduce evidence that the two semen samples tested did not match his DNA profile; arguing that it could lead the jury to conclude that someone else committed the rape. • The circuit court refused to admit the evidence, but it ruled that Thacker could make reference to the fjact that, his DNA was not located on any items, that the police submitted to testing. Under our rape-shield statute, evidence of a victim’s prior sexual conduct is not admissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other reason. Ark. Code Ann. § 16-42-101(b) (Repl. 1999). The purpose of the rape-shield statute is to protect victims of rape or sexual abuse from the. humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when the conduct is irrelevant to the defendant’s guilt. Stewart v. State, 2012 Ark. 349, 423 S.W.3d 69. The rape-shield statute grants an exception where the circuit court,, at an in camera hearing, makes a written determination that such evidence is relevant to a fact at issue and that its probative value outweighs its inflammatory or prejudicial nature. Ark. Code.Ann, § 16-42-101(c). Thus, the statute is not a complete bar to evidence of a victim’s sexual conduct but rather makes its admissibility discretionary with the circuit court pursuant to the procedures set out in the, statute. Id. “Although the introduction of prior episodes of | ¿sexual conduct to attack the credibility of the victim is not absolutely barred by the rape-shield statute, it has been treated -unfavorably by this court.” State v. Kindall, 2013 Ark. 262, at 6, 428 S.W.3d 486, 490. The circuit court is vested with wide discretion in deciding whether evidence is relevant and admissible, and we will not overturn that decision absent clear error or a manifest.abuse of discretion. In support of his argument on appeal, Thacker argues that evidence of another person’s semen at the crime scene was relevant and that its probative value outweighed any prejudice to the victim. He asserts that evidence of the semen is relevant because it makes it more probable that someone other than him was the rapist. He further argues that the semen’s probative value — evidence of an alternative rapist — outweighs any embarrassment or humiliation the victim will suffer. . In response, the State asserts two grounds supporting its argument that the evidence has minimal probative value. First, there was overwhelming testimony at trial that Thacker was the person who entered the victim’s home and raped her. The victim identified Thacker as her rapist, and the victim’s neighbor testified that he saw Thacker, who was his coworker at Cracker Barrel, walking through the victim’s yard as he heard her yelling “help.” Additionally, Detective David Short, who investigated the rape, located a wallet containing Thacker’s driver’s license, debit card, and Arkansas Game and Fish license in the victim’s bedroom. Second, the State argues that the semen found in the bedroom is not probative because there is nothing to support an argument that the assailant left semen in the bedroom. The -State also argues that the prejudicial effect-of the semen is great. If | ¡¡admitted, the victim would have to.testify about her prior sexual history to explain the presence of the semen left by someone other than Thacker. We cannot'say it was clear error nor was it a manifest abuse of discretion for the circuit court to exclude evidence of the semen on the victim’s bed. We are not convinced that this evidence was probative. Thacker failed to show a link between the semen samples found on the victim’s bed and the residential burglary and rape. Hilborn testified that when the rapist was attacking her in the bedroom he had difficulty obtaining, and was ultimately unable to maintain, an erection and did not ejaculate. Thus, it is unlikely the rapist left semen on the bedsheet or pillowcase; therefore, evidence of the DNA from those semen samples would not be probative to Thacker’s theory of misidentification. At best, the evidence raises an inferehce that the victim had sexual intercourse with someone other than Thacker prior to the assault. Such an inference is of the type the rape-shield statute was designed to avoid. Similarly, 'the prejudicial effect of the victim’s prior sexual conduct is great when compared to the probative value. We do not agree with Thacker that the presentation of the semen would be limited to a'few questions. If admitted, the State, through the victim’s testimony, would be required to explain to the jury with whom, when, how, and .where she engaged in sexual activity prior to the rape. It is clear that the potential humiliation and embarrassment to the victim, as well as the danger of unfairly prejudicing her character before the jury, outweighed the slight probative value of this evidence. Therefore, giving due deference to the circuit court, we hold that the court did not commit a manifest abuse Rof discretion in denying Thacker’s motions to admit such evidence pursuant to our rape-shield statute. ■ Affirmed. Baker and HART, JJ., concur. Danielson and Wynne, JJ., dissent. . Thacker initially filed a pretrial motion to admit the DNA evidence of semen on the victim's bedsheet. The court denied the motion. Later, the State tested an additional semen sample on a pillowcase and determined it did not contain Thacker’s DNA. The State filed a motion to exclude evidence of this semen. The court heard arguments on the State’s motion and Thacker orally amended his prior motion.to include the DNA found on the pillowcase. The court granted the State's motion and denied Thacker’s motion to admit the DNA evidence.