Gilbert E. BURTON *v.* STATE of Arkansas

CR 92-1472                                    862 S.W.2d 252

Supreme Court of Arkansas
Opinion delivered October 4, 1993

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Gilbert E. Burton, appeals a judgment of the Miller Circuit Court convicting him of possession of a schedule II controlled substance (cocaine) with intent to deliver, sentencing him to forty years imprisonment, and fining him $20,000.00. Appellant asserts only one point of error in his jury trial. We find no merit and affirm.

For reversal of the judgment entered pursuant to a jury verdict, appellant contends the trial court erred by allowing the admission of undisclosed evidence. Appellant filed a motion for discovery on January 6, 1992, requesting the disclosure of, among other things, "[a]ll reports of scientific tests, experiments and comparisons" and "the names, addresses, telephone numbers of any witnesses the State intends to call to testify in the trial." The state responded to the discovery request by asserting its "open file" policy. Appellant was allowed access to the prosecutor's file and made photocopies of its contents. The file did not include the names of three of the witnesses the state called at trial — Sergeant Mark Lewis of the Texarkana Police Department, Lieutenant Gerry Brown of the Texarkana Police Department, and Norman Kemper, a chemist from the State Crime Laboratory. The index to the file did indicate a laboratory report was pending. Appellant argues that because the prosecutor did not disclose the names of those three witnesses and a chemical analysis performed by the State Crime Lab on the controlled substance, the evidence should not have been admitted.

When evidence is not disclosed pursuant to pretrial discovery procedures, the burden is on the appellant to establish that the omission was sufficient to undermine confidence in the outcome of the trial. *Scroggins* v. *State*, 312 Ark. 106, 848 S.W.2d 400 (1993). The prosecutor's responsibility is to provide reports of scientific tests and any information or materials concerning witnesses he or she intends to call. A.R.Cr.P. Rule 17.1(a)(i), (iv). If the prosecutor fails to comply with discovery requirements, the trial court may order compliance, grant a continuance, exclude the evidence, or order other appropriate relief. A.R.Cr.P. Rule 19.7(a). The key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose; absent a showing of prejudice, we will not reverse. *Scroggins*, 312 Ark. 106, 848 S.W.2d 400.

As the laboratory report was never introduced into evidence, other than for the limited purpose of preserving appellate review, we find no prejudice in that respect.

Officers Lewis and Brown testified as to the chain of custody of the substance appellant was accused of possessing. Mr. Kemper testified the substance recovered from appellant was identified as 84% pure cocaine base. The trial court allowed Sergeant Lewis' testimony after giving appellant's counsel "whatever time you feel like you need right now to talk to Detective Lewis before examination goes forth." The trial court allowed Lieutenant Brown's and Mr. Kemper's testimonies reasoning that the subpoenas issued in their names were sufficient notice to appellant that the state intended to call them as witnesses. Appellant's defense to the charge was that he never possessed the cocaine, either actually or constructively. Consequently, the three witnesses' testimonies as to the identification and chain of custody of the cocaine did not prejudice appellant.

We note that the exclusion of undisclosed evidence is not the only remedy available under A.R.Cr.P. Rule 19.7(a). The trial court may remedy the failure to disclose by granting appropriate relief, such as the opportunity for defense counsel to interview the undisclosed witness, Sergeant Lewis.

Although we express disapproval of the prosecutor's failure to disclose, for the reasons stated we find no merit to

appellant's argument and affirm the judgment of conviction.

Affirmed.