Ricky Louis HARRIS *v.* STATE of Arkansas

CR 95-413                                        907 S.W.2d 729

Supreme Court of Arkansas
Opinion delivered October 16, 1995

*John Joplin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Ricky Louis Harris was convicted and sentenced to sixty years imprisonment for attempted rape. He asserts the trial court erred by: 1) allowing his prior conviction for sexual assault to be used for impeachment, 2) excluding relevant exculpatory evidence of the victim's prior sexual conduct, 3) not allowing him to waive the habitual offender bifurcated trial procedure, 4) limiting his closing argument, and 5) admitting evidence without proper chain of custody. We find all five points to be without merit, and affirm.

On the night of February 25, 1994, appellant met the victim, who had just arrived from Texas, at a Fort Smith bar. The bartender was to be her host on the visit, and she remained at the bar, drinking and playing pool with appellant and others, until closing time. The victim and appellant both had a substantial amount to drink during the evening; the victim felt she was unable to drive, gave her keys to her bartender friend, and accepted appellant's offer of a ride to the home of her host. Instead of following the victim's friend to his home, appellant drove to his parent's home, where he lived, and parked his jeep in their driveway. The victim testified that she repeatedly asked appellant to take her to her friend's home but he refused. She stated that while they were parked in the driveway, appellant began to attack her, forced her down on the car seat, ripped her shirt, pulled her brassiere up around her neck, ripped her pants, put his hand down her throat, threatened to get out a knife if she continued to resist, bit her breast and penetrated her vagina with his hand. During the struggle, which continued "for the longest time" according to the victim, she screamed for help and was able to repeatedly sound the horn of the jeep.

At trial, four witnesses testified to hearing a young woman scream for help and the sound of a car horn. Two young men went to investigate the disturbance, saw that the screams were coming from appellant's jeep, and witnessed the jeep moving back and forth as if "somebody was being raped or being beat up in the car." They and another neighborhood resident summoned the police by calling 911. The first officer to arrive on the scene saw appellant leave the jeep and walk toward his house; the officer also saw the victim tumble out of the passenger side with her clothes torn and in disarray and her jeans and underpants down around her thighs. He testified that she was hysterical and screaming "help me." Appellant was arrested at the scene, and the victim was taken to the hospital. Appellant testified at a pretrial hearing that he and the victim engaged in consensual "making out and petting" earlier that evening and while they were parked in his parent's driveway but he denied all allegations of the victim. He did not testify or put on any evidence at trial.

1. Prior conviction.

Appellant argues the trial court erred in denying his motion

in limine to prohibit a 1985 sexual assault conviction from being used for impeachment. His motion was overruled and the defendant elected not to testify at trial.

■    In *Smith* v. *State*, 300 Ark. 330, 778 S.W.2d 947 (1989), we reiterated the rule that:

> In future cases, to preserve this issue for review, a defendant must at least, by a statement of his attorney: (1) establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded; and (2) sufficiently outline the nature of his testimony so that the trial court, and the reviewing court, can do the necessary balancing contemplated in Rule 609.

We further in *Smith* chose to adopt the doctrine promulgated in *Luce* v. *United States*, 469 U.S. 38 (1984), which states that in order to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify.

■    The Arkansas Rules of Evidence Rule 609 states in pertinent part:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

A.R.E. Rule 609(a).

To accomplish the weighing of the prior conviction's probative value against its prejudicial effect, the reviewing court must know the precise nature of the defendant's testimony, which is unknowable when the defendant does not testify. *Smith* at 336. *Smith* goes further to state:

> Any possible harm flowing from a trial court's in limine ruling permitting impeachment by a prior conviction is wholly speculative. Moreover, when the defendant does not testify, the reviewing court has no way of knowing

whether the State would have sought so to impeach, and cannot assume that the trial court's adverse ruling motivated the defendant's decision not to testify. Even if these difficulties could be surmounted, the reviewing court would still face the question of harmless error. If in limine rulings under Rule 609(a) were reviewable, almost any error would result in an automatic reversal, since the reviewing court could not logically term "harmless" an error that presumptively kept the defendant from testifying. Requiring a defendant to testify in order to preserve Rule 609(a) claims enables the reviewing court to determine the impact any erroneous impeachment may have in light of the record as a whole, and tends to discourage making motions to exclude impeachment evidence solely to 'plant' reversible error in the event of conviction. (Citation omitted).

Appellant argues that his proffered testimony at the pretrial hearing sufficed to let the trial court know the precise nature of his testimony. Although the proffered testimony may be sufficient to allow for the necessary balancing contemplated in Rule 609, the defendant did not testify, and we have no way of knowing whether the State would have sought so to impeach, and cannot assume that the trial court's adverse ruling motivated the appellant's decision not to testify. Consequently, appellant has not preserved this issue for review because of his failure to testify at trial.

## 2. Victim's prior sexual conduct.

During an in-camera hearing prior to trial, appellant's counsel sought to "proffer" that the physician who examined the victim would testify that the victim reported she had sex within a week prior to the incident, and the prior sexual encounter could have caused the bruising and abrasion noted by the doctor during his exam. Appellant's counsel admitted he had not talked to the doctor and did not actually know what his testimony would be. The trial court ruled that appellant could ask the doctor if the bruises on the victim's legs were old, but could not mention the prior sexual conduct.

At trial, appellant's cross-examination concerning the bruises was as follows:

Q: Now, the history as you mentioned, the history that she gave you with these various bruises, that could be consistent with a lot of things, could it not?

A: The bruising and such?

Q: Yes.

A: Yes, sir.

Q: It could be consistent with a fall or it could be consistent with just a number of other things, couldn't it?

A: Some of them could.

Appellant did not ask the physician if the bruises were old or if they could have been produced prior to the rape. In fact, the doctor testified during direct examination that all the bruising he noted was fresh, or within twenty-four to forty-eight hours old.

The Rape Shield Statute, Ark. Code Ann. § 16-42-101 (Repl. 1993), states in pertinent part:

(b) In any criminal prosecution under § 5-14-103 through § 5-14-110, or *for criminal attempt to commit*, criminal solicitation to commit, or criminal conspiracy to commit an offense defined in any of those sections, opinion evidence, reputation evidence, or *evidence of specific instances of the victim's prior sexual conduct with* the defendant or *any other person* evidence of a victim's prior allegations of sexual conduct with the defendant or any other person which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations *is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.*

(c) Notwithstanding the prohibition contained in subsection (b) of this section, *evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with* the defendant or *any*

*other person may be admitted at the trial if the relevancy of the evidence is determined* in the following manner:

(Emphasis added)

Ark. Code Ann. § 16-42-101(b) & (c).

██    The statute does not totally bar evidence of a victim's sexual conduct but instead makes its admissibility discretionary with the trial judge. The trial court is vested with a great deal of discretion in ruling whether prior sexual conduct of a prosecuting witness is relevant, and we do not overturn the trial court's decision unless it constituted clear error or a manifest abuse of discretion. *Gaines* v. *State*, 313 Ark. 561, 855 S.W.2d 956 (1993).

██    In evaluating the admissibility of such evidence under the statute, the trial court determines whether the probative value of the evidence outweighs its inflammatory or prejudicial nature. *Byrum* v. *State*, 318 Ark. 87, 884 S.W.2d 248 (1994). We have held that our Rape Shield Statute is intended to protect victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Gaines* at 567.

In *Lackey* v. *State*, 288 Ark. 225, 703 S.W.2d 858 (1986), the trial court denied appellant's motion to question the victim about her prior sexual conduct. Appellant argued it was relevant because of the doctor's statement that the sperm he found was non-motile and that sperm could remain motile up to five days in the vagina. We determined it was within the discretion of the trial court to determine the relevancy of the question and balance it against the possibly prejudicial effect.

In *Davlin* v. *State*, 320 Ark. 624, 899 S.W.2d 451 (1995), the appellant was allowed to bolster his claim of consent by showing that the victim had a black eye before the rape occurred. However, we upheld the trial court's exclusion of testimony that the victim's husband had struck her because she was having an affair with someone else; the trial court found this testimony was only minimally relevant, and its prejudicial effect substantially outweighed its probative value.

■ In the instant case, we cannot say the trial court abused its discretion in allowing the appellant to ask how old the bruises were without reference to the victim's prior sexual conduct.

### 3. Waiver of bifurcated trial.

Harris argues that the bifurcated procedure deprived him of a fair trial in violation of the Fourteenth Amendment, because the jury was required to decide his guilt without knowledge of the consequences to him of a conviction and without regard to the punishment which would result.

■ Appellant presents no authority for his due process argument, and our bifurcated sentencing procedure has been upheld for habitual criminals. *Griffin* v. *State*, 307 Ark. 537, 823 S.W.2d 446 (1992); *Shockley* v. *State*, 282 Ark. 281, 668 S.W.2d 22 (1984).

### 4. Limitation of closing argument.

■ The trial court granted the State's motion to prevent appellant from bringing up certain matters in closing arguments, including reference to a chain of custody issue and the victim's character. Appellant objected to this limitation. However, as appellant has failed to abstract any of his closing argument, we cannot determine whether or how he was prejudiced; this failure precludes us from considering this issue. *Midgett* v. *State*, 316 Ark. 553, 873 S.W.2d 165 (1994).

### 5. Chain of custody.

■ Appellant asserts that items of the clothing worn by the victim during the attempted rape were introduced without a proper chain of custody. He primarily argues that a pair of jeans could have been torn by doctors or nurses who examined the victim after the incident or could have been tampered with, and alleges the jeans did not appear to be the same pair he witnessed at a preliminary hearing. However, the victim testified that appellant tore her jeans during the attack, identified the clothing as hers and testified the items were in the same condition as when they were removed from her at the hospital immediately after the incident. A police officer also testified that he took the clothing from the victim at the hospital and that the condition of the clothes admitted into evidence was the same as the night that he

received them. Although there was conflicting testimony from officers concerning whether the clothing had been sent to the state crime lab for testing, minor uncertainties in the proof of chain of custody are matters to be weighed by the jury and do not render evidence inadmissible as a matter of law. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

■ Evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the trial court and rulings in this regard will not be reversed absent an abuse of discretion. *Hubbard* v. *State*, 306 Ark. 153, 812 S.W.2d 107 (1991). We have consistently agreed that the purpose of establishing a chain of custody is to prevent the introduction of evidence that is not authentic or that has been tampered with. *Pryor* v. *State*, 314 Ark. 212, 861 S.W.2d 544 (1993). However, the trial court must be satisfied that, in reasonable probability the evidence has not been tampered with; it is not necessary that the State eliminate every possibility of tampering. *Gardner* v. *State, supra; White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986).

■ The trial court found the items of clothing to be admissible; we cannot say there was abuse of discretion in this instance.

The conviction is affirmed.