STATE of Arkansas *v.* David W. BABBS
and Russell C. Conger

CR 97-1101                                        971 S.W.2d 774

Supreme Court of Arkansas
Opinion delivered July 9, 1998

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellant.

*McCallister & Jones*, by: *Bobby D. McCallister* and *Ronald D. Jones*, for appellee David W. Babbs.

TOM GLAZE, Justice. Appellees David W. Babbs and Russell Conger are charged with the rape of prosecutrix Jocelyn Brooke Shipp. At a pretrial, in-camera hearing, the appellants proffered testimony indicating that Shipp had consensual sexual intercourse with Conger after the alleged rape, that such subsequent sexual activity is relevant regarding the issue of consent and Shipp's credibility, and should be admissible at trial. The trial court ruled in the appellees' favor, and the State brings this interlocutory appeal pursuant to Ark. Code Ann. § 16-42-101(c)(3)(B) (Supp. 1997) of the Rape Shield Statute, arguing that the trial court's ruling erroneously prejudices its case and should be overturned.

As we have pointed out many times, the purpose of the Rape Shield Statute is to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *Graydon v. State*, 329 Ark. 596, 953 S.W.2d 45 (1997); *State v. Sheard*, 315 Ark. 710, 870 S.W.2d 212 (1994). We have also repeatedly held that the trial court is vested with a great deal of discretion in ruling whether the victim's prior sexual conduct is relevant, and we will not overturn the trial court's decision unless it constituted clear error or a manifest abuse of discretion. *Graydon*, 329 Ark. at 601, 953 S.W.2d at 48. In the instant case, no such error or abuse of discretion is found.

Before discussing the propriety of the trial court's ruling, we initially relate the evidence the State and appellees intend to pres-

ent at trial. We consider the State's case first. According to the State, on February 2, 1997, Babbs called Shipp and asked her to come to his house to play basketball. Shipp agreed, and upon arriving at the house, Babbs, Conger, and Shipp played about forty-five minutes before quitting and going into Babbs's house. Babbs's mother was in the house. Babbs, Conger, and Shipp eventually ended up in Babbs's bedroom where Shipp claims Babbs held her down and covered her mouth while Conger had forcible sexual intercourse with her. Shipp said the alleged rape took about two-to-three minutes before she was able to free herself from the two boys, pull on her clothes, and flee. Shipp said that she saw Babbs's mother in the kitchen as she left the house. Shipp further claims that, on February 17, 1997, she told her boyfriend, William Hope, about the February 2nd incident, who then called Babbs about the matter. Hope's story is that Babbs essentially admitted that Conger had raped Shipp, but that he had only held her down. On February 18, 1997, Ms. Shipp reported the alleged rape to law enforcement officers, and these rape charges were filed against Babbs and Conger on May 15, 1997.[1]

At the pretrial hearing, Babbs and Conger proffered a very different version of events to that of the State's. They offered that Amanda Drennan (and two other friends of Shipp) would testify that, shortly after the alleged rape incident, Shipp admitted that she had sex with Babbs and Conger in Babbs's bedroom on the day in question, that she enjoyed it, and that she was going to "get" Conger again. Appellees further proffered Conger's mother's testimony that, within the sixteen-day period between the alleged rape and when Shipp reported it, Shipp came alone to the Conger house; Conger offered that, during the visit, he and Shipp had consensual sex.

In its argument on appeal, the State relies largely on our decision in *State v. Sheard, supra*. There, ten defendants were charged with the group rape of a fifteen-year-old female. Some of the defendants offered testimony that the victim's boyfriend, Sheard, one of the defendants, had a prior ongoing consensual sexual rela-

---

[1] Appellees were initially charged on February 20, 1997, but following a hearing on May 14, 1997, the trial court consolidated the appellees' cases for trial. Additionally, the trial court permitted the State to *nolle prosequi* the charge against Babbs and refile it on May 15, 1997.

tionship with the victim, and on one occasion, performed sex while other boys were in the home. However, there was no testimony that the prosecutrix in *Sheard* ever agreed to have sex with a person while others joined in, and what sexual acts that were related occurred between the prosecutrix and one other person behind closed doors. In holding the prosecutrix's prior sexual conduct inadmissible, the *Sheard* court relied on the established rule that prior acts of sexual conduct are not within themselves evidence of consent in a subsequent sexual act, and that there must be some additional evidence connecting such prior acts to the alleged consent in the present case before the prior acts become relevant. *Sheard*, 315 Ark. at 713, 870 S.W.2d at 214.

In sum, this court in *Sheard* held that, whether the prosecutrix had a prior and normal, individual consensual relationship with Sheard, such consensual sex in no way indicated she would agree to being restrained and subjected to sexual intercourse by multiple parties. Applying this rationale to the facts at hand, the State maintains that Shipp's subsequent consensual individual sexual relationship she is alleged to have had with Conger bore no relevance as to whether she may have consented to the sexual conduct she had with both Conger and Babbs. Although the State recognizes that, unlike the situation in *Sheard*, here the consensual intercourse with Conger took place *after*, rather than before, the alleged rape, it submits such distinction bears no legal significance because the "prior sexual conduct" that may be precluded under the Rape Shield Statute includes all sexual behavior of the victim prior to the date of the trial. *See Slater v. State*, 310 Ark. 73, 832 S.W.2d 846 (1992); *see also Flurry v. State*, 290 Ark. 417, 720 S.W.2d 699 (1986) (court held "prior" acts mentioned in the Rape Shield Statute do not refer to sexual acts occurring before the incident in question, but merely any sexual conduct by the victim).

■ We agree with the State's reading of this court's case law, and under that precedent, Shipp's purported consensual sex with Conger, although occurring after the alleged rape took place, is "prior sexual conduct" under the Rape Shield Statute and *might* be ruled inadmissible for that reason. Still, in considering the evidence presented in the instant case, we believe the trial court did not abuse its discretion in finding Shipp's alleged subsequent sexual conduct with Conger admissible.

■ We have consistently held that acts of prior consensual intercourse with the accused are admissible only to show that consent may have been given. *State v. Small*, 276 Ark. 26, 631 S.W.2d 616 (1982). And as previously mentioned hereinabove, some additional evidence connecting such prior acts to the alleged consent in the present case must be shown before the prior acts become relevant. *Sheard*, 315 Ark. at 713, 870 S.W.2d at 214. In other words, some evidence must be presented to show that Shipp's later willingness to have sex with Conger somehow indicates that her earlier sexual encounter with both Babbs and Conger was also consensual. In this respect, as alluded to above, appellees offered testimony to do just that. They proffered testimony of at least three witnesses who would say that, shortly after her alleged rape on February 2, 1997, Shipp bragged to her friends about her sexual encounter at Babbs's house and vowed that she would "get" Conger again. Appellees also offered telephone records reflecting that Shipp had initiated telephone calls to the homes of Babbs and Conger prior to her report of the alleged rape. Also important, evidence was offered reflecting that there was no close personal or boyfriend relationship existent between Shipp and Conger, as was the situation in *Sheard*; appellees proffered a videotape interview corroborating this point.

■ In sum, we believe the trial court was well within its discretion to determine Shipp's subsequent and consensual sex with Conger to be relevant and probative on the consent issue to be raised at Babbs's and Conger's rape trials. While it appears odd, in itself, that Shipp engaged in consensual sex with Conger only days after he allegedly raped her, appellees offered, through other proof, that this oddity is best explained by showing she actually had consensual sex on both occasions — on February 2nd involving both Conger and Babbs, and later involving only Conger. While the State submits that Shipp will dispute appellees' claims, appellees' other evidence supports their story that the two sexual incidents were related due to Shipp's consent on both occasions. We hold the trial court acted well within its discretion in ruling that Babbs's and Conger's proffered testimony is probative on the issue of consent, and we are unable to say the trial court erred in finding that such a subsequent sexual encounter between Conger and Shipp is not unfairly prejudicial in these circumstances.

■ ■ The State further argues, citing *Evans v. State*, 317 Ark. 532, 878 S.W.2d 750 (1994), that evidence of prior sexual conduct is inadmissible unless it involves the accused and then only if relevant to whether sexual intercourse was consensual. The State contends that the evidence related to Conger's alleged subsequent consensual intercourse with Shipp would be inadmissible in a case against Babbs because the later sexual activity never involved Babbs. It is settled law that a person is criminally responsible for the conduct of another person when he is an accomplice in the commission of an offense. Ark. Code Ann. § 5-2-401 to -403 (Repl. 1997); *see Smith v. State*, 271 Ark. 671, 609 S.W.2d 922 (1981); *see also* AMCI2d 401. Quite obviously, consent is an issue in Shipp's rape charge arising from the February 2 incident, and when two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Parker v. State*, 265 Ark. 315, 578 S.W.2d 206 (1979). Accordingly, we find no merit in the State's attempt to exclude Babbs from the trial court's ruling.

Affirmed.