Ralph TAYLOR *v.* STATE of Arkansas

CR 03-550                                           138 S.W.3d 684

Supreme Court of Arkansas
Opinion delivered December 11, 2003

*Nolan Henry, PLLC,* by: *Mark Murphey Henry* and *Marcia M. Wilkinson,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant Ralph Taylor was tried and convicted of rape in Sebastian County, Arkansas. Taylor was sentenced to thirteen years in the Arkansas Department of Correction. Appellant's sole point on appeal is that the trial court erred in determining that the victim's prior false allegations of rape were sexual conduct within the meaning of the rape-shield statute, Ark. Code Ann. § 16-42-101 (Repl. 1999). Our jurisdiction is thus pursuant to section 16-42-101 and Ark. Sup. Ct. R. 1-2(a)(8). We find no error and affirm.

The record reflects that on July 5, 2002, Martha Tippey reported that she had been raped by Taylor. At trial, the victim was asked if she had ever falsely accused anyone, besides Taylor in the present case, of rape. After the victim answered in the negative, Taylor's counsel asked the victim a second question, if she had ever falsely accused a certain specific individual of rape. The State objected to the second question. Taylor, then, withdrew the second question; however, Taylor failed to request the victim's answer to the first question, had she ever falsely accused anyone of rape, be stricken. Taylor argues that as a result of the trial court's

ruling regarding the second question, he withdrew the first question asked and answered by the victim so that he would not be bound by her answer of "No."

Taylor contends that he proffered the testimony of witnesses who confirmed prior false accusations of rape made by the victim. The first witness, Johnny Moore, was a friend of both the alleged victim and Taylor. The second witness, Harold Wilkins, was a pastor to both the victim and Taylor. Both of these witnesses testified that the victim had previously accused another person of raping her. This proffered testimony was ruled inadmissible by the trial court. The trial court based its ruling on the fact that Taylor did not prove that the prior allegations supposedly made by the victim were false; further, the victim did not admit that the prior allegations were false.

The rape-shield law provides for the exclusion of evidence of any kind about the victim's prior sexual conduct. Ark. Code Ann. § 16-42-101(a). Subsection (b) states:

> (b) In any criminal prosecution under § 5-14-101 et seq. or § 5-26-202, or for criminal attempt to commit, criminal solicitation to commit, or criminal conspiracy to commit an offense defined in any of those sections, opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person *if the victim denies making the allegations is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose.*

(Emphasis added.)

This court has interpreted the phrase "prior sexual conduct" broadly, such that it encompasses sexual conduct that occurs prior to trial, not just conduct occurring prior to the time of the alleged rape. *Martin v. State*, 354 Ark. 289, 119 S.W.3d 504 (2003); *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002); *Laughlin v. State*, 316 Ark. 489, 872 S.W.2d 848 (1994). The

purpose of the statute is to shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt. *State v. Babbs*, 334 Ark. 105, 971 S.W.2d 774 (1998); *Graydon v. State*, 329 Ark. 596, 953 S.W.2d 45. Accordingly, the trial court is vested with a great deal of discretion in determining whether the evidence is relevant, and we will not overturn the trial court's decision unless it constituted clear error or a manifest abuse of discretion. *Id*. In fact, a defendant must file a written motion in order for the provisions of subsection (c)(2)(C) to be invoked. *Bradley v. State*, 327 Ark. 6, 9, 937 S.W.2d 628, 629 (1997).

Taylor argues that the prior allegations of the victim are admissible because they are evidence of misconduct, not sexual conduct. Taylor cites to *West v. State*, 290 Ark. 329, 722 S.W.2d 684 (1987), *reh'g denied*, 290 Ark. 329, 722 S.W.2d 284 (1987), where the defendant anticipated that the alleged victim would deny that she ever made false accusations of rape against other men. The defendant proffered three witnesses who would testify that the victim had made similar false accusations. *Id*. This court held:

> If the prosecutrix does deny on cross-examination that she made the statements or admits making them but asserts them to have been true, then the defense should be permitted to prove that the statements were made, if that is not admitted, and that they were false. That proof would be admissible not merely as affecting the prosecutrix's credibility but also as raising a possible doubt about the truth of the present charge.

*West*, 290 Ark. at 333, 334. In *West*, this court denied the State's petition for rehearing, but for purposes of clarification, addressed the rape-shield-law argument raised by the State but not specifically mentioned in the majority opinion.

> That law excludes evidence of any kind about the victim's prior 'sexual conduct' and defines 'sexual conduct' as deviate sexual activity, sexual contact or sexual intercourse. See Ark. Stat. Ann. 41-1810.1 and 41-1810.3. As conceded in the State's petition, the victim's purported conduct, as proffered by appellant here, simply is not sexual conduct as that term is defined by law. Thus, appellant's

proffered, relevant testimony clearly was not excludable under the Rape-Shield law, and the trial court, in ruling otherwise, committed error.

*West v. State*, 290 Ark. at 340A (supplemental opinion denying rehearing).

■ However, *West* was subsequently superseded by a 1993 amendment to the rape-shield statute. *See Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002). "The 1993 act inserted the language emphasized and set out in the foregoing provision, and by doing so, the General Assembly specifically broadened Arkansas's rape-shield law to include both (1) evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, and (2) evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegations." *Booker. v. State*, 334 Ark. 434, 976 S.W.2d 918 (1998).

In *Booker*, this court held that where no evidence was presented to show that the victim's prior allegation of rape was true, and no evidence was provided that she denied having made the prior allegation, the rape-shield statute as amended did not apply. *Booker, supra*. The defendant is required to demonstrate or prove that the victim's prior allegation is false. *Booker, supra*.

■ Here, Taylor argues that the expanded rape-shield statute does not apply because there was no evidence that the victim denied making the prior allegation. However, a review of the record reveals that during cross-examination, the victim denied making a false allegation of rape:

> TAYLOR'S COUNSEL: Have you ever falsely accused anybody else of doing something like this to you?
>
> VICTIM: No, I have not.
>
> TAYLOR'S COUNSEL: Are you sure?
>
> VICTIM: I'm certain.

Therefore, the victim's denial that she previously made false allegations of rape against another person means that the rape-shield statute

as amended does apply to the facts of this case. Taylor's counsel, then, asked the victim a second question regarding a certain specific individual. However, Taylor's counsel withdrew that question. The victim's denial that she had formerly made false accusations of rape against another person means that the rape-shield statute as amended applies to the facts in this case. *Ridling*, 348 Ark. at 224, 72 S.W.3d at 473.

■ However, assuming Taylor withdrew both questions regarding previous allegations of false accusations, the correct manner in which to have the testimony removed from the purview of the jury was to move to strike the testimony or request that the trial court admonish the jury to disregard the witness's testimony. *Bearden v. J.R. Grobmyer Lumber Co.*, 331 Ark. 378, 961 S.W.2d 760 (1998). Here, Taylor did neither.

■ The evidence sought to be admitted by Taylor is just the sort of evidence that the rape-shield statute prohibits. Given the obvious potential that this evidence could be used to inflame the jury, the trial court conducted the appropriate balancing test set out in section 16-42-101(c) and concluded that the probative value of the evidence outweighed its prejudicial nature. *See Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (citing *Harris v. State*, 322 Ark. 167, 907 S.W.2d 729 (1995)); Ark. Code Ann. § 16-42-101(c) (Repl. 1999)). We cannot say that the trial court's ruling was a manifest abuse of discretion.

■ Further, Taylor failed to file a written motion pursuant to Ark. Code Ann. § 16-42-101(c) seeking to have evidence admitted which would otherwise be inadmissible under Ark. Code Ann. § 16-42-101(b). Subsection (c) states in part:

> (c) Notwithstanding the prohibition contained in subsection (b) of this section, evidence directly pertaining to the act upon which the prosecution is based or evidence of the victim's prior sexual conduct with the defendant or any other person may be admitted at the trial if the relevancy of the evidence is determined in the following manner:

> (1) A written motion shall be filed by the defendant with the court at any time prior to the time the defense rests stating that the defendant has an offer of relevant evidence prohibited by subsection (b) of this section and the purpose for which the evidence is believed relevant.

Here, Taylor did not file a written motion; therefore, the trial court properly excluded the proffered testimony. *See Hill v. State,* 327 Ark. App. 28, 45 S.W.3d 406 (2001).

Affirmed.