SLIP OPINION
Cite as 2017 Ark. App. 566



# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–17–45

| | |
|---|---|
| CRAIG ALLEN PLEDGER<br>**APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br>**APPELLEE** | **Opinion Delivered:** November 1, 2017<br><br>APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 24OCR–16–16]<br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

A jury found appellant, Craig Allen Pledger, guilty of commercial burglary, breaking or entering, and theft of property. His sole point on appeal is that the circuit court abused its discretion in denying his motion in limine and ruling that the State could impeach him with his prior felony conviction for failing to register as a sex offender. We hold that appellant's argument is not preserved for appellate review, and therefore we affirm his conviction.

At the close of the State's case, appellant's counsel made a motion in limine to prohibit the State from introducing a prior conviction for failing to register as a sex offender. The State argued that the conviction was admissible as a crime of "dishonesty or false statement" under Arkansas Rule of Evidence 609(a)(2) for the purpose of impeaching appellant's credibility. The court found that the conviction went "to credibility" and was

admissible for impeachment purposes under Rule 609, and it denied appellant's motion.[1] Appellant did not take the stand, and therefore the evidence was not admitted to impeach him.

On appeal, appellant contends that the trial court erred in finding that failing to register as a sex offender constitutes a conviction regarding "dishonesty or false statement" pursuant to Rule 609(a)(2). He contends that he did not testify at trial because of the court's erroneous ruling. We do not address appellant's argument because the point on appeal is not preserved. Our supreme court has held that in order to raise and preserve for review a claim of improper impeachment with a prior conviction, a defendant must testify. *Harris v. State*, 322 Ark. 167, 171–72, 907 S.W.2d 729, 731–32 (1995); *Smith v. State*, 300 Ark. 330, 336–37, 778 S.W.3d 947, 950 (1989); *see also Vance v. State*, 2011 Ark. App. 231. That precedent controls our decision in this case. Consequently, we affirm appellant's conviction.

Affirmed.

HIXSON AND MURPHY, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

---

[1]Although the State's argument for allowing the conviction was pursuant to Rule 609(a)(2), we cannot tell from the court's oral ruling whether it found the conviction to be admissible under 609(a)(1), (a)(2), or both.