Cite as 2019 Ark. App. 470

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-14

| | |
|---|---|
| WILLIE ANTONE MATLOCK<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** October 23, 2019<br><br>APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT<br>[NO. 47BCR-16-281]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

A Mississippi County jury convicted appellant Willie Antone Matlock of rape, and he was sentenced to twenty-five years' imprisonment. Matlock raises three arguments on appeal: (1) the trial court erred in admitting into evidence the victim's prior written statement, (2) the trial court erred in refusing to grant his motion for a continuance because the victim's statement had not been provided to the defense through discovery, and (3) the trial court erred in rejecting a proffered jury instruction on first-degree sexual assault as a lesser-included offense of rape. We affirm Matlock's conviction.

I. *Admission of Victim's Prior Written Statement*

The victim, S.S., is the daughter of Matlock's former long-term live-in girlfriend. At trial, then twelve-year-old S.S. testified that after Matlock had broken up with her mother

and moved out of the home, she wrote a letter to her mother and left it on her mother's dresser. The note simply read, "I was molested."

Matlock argues that the trial court erred in admitting S.S.'s prior written statement into evidence. Trial courts are afforded wide discretion in evidentiary rulings. *Swanigan v. State*, 2019 Ark. App. 296, 577 S.W.3d 737. We will not reverse an evidentiary ruling absent an abuse of discretion. *Id.* Abuse of discretion is a high threshold that does not simply require error in the trial court's decision but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Id.* In addition, we will not reverse absent a showing of prejudice, as prejudice is not presumed. *Id.*

Specifically, Matlock argues that the trial court erred in admitting S.S.'s statement because the State failed to establish the chain of custody. The purpose of establishing a chain of custody is to prevent the introduction of evidence that is not authentic. *Harris v. State*, 322 Ark. 167, 907 S.W.2d 729 (1995). To prove authenticity, the State must demonstrate a reasonable probability that the evidence has not been altered in any significant manner. *Wilson v. State*, 277 Ark. 43, 639 S.W.2d 45 (1982) (per curiam). It is not necessary that the State eliminate every possibility of tampering. *Harris, supra.* Minor uncertainties in the proof of chain of custody are matters to be weighed by the jury and do not render evidence inadmissible as a matter of law. *Id.*

According to Matlock, there was absolutely no testimony presented as to what had happened to the note between the time it was allegedly given to police and when it was admitted into evidence at trial. He also points out that no law enforcement officer testified regarding its receipt, review, and storage. To allow introduction of physical evidence, it is

not necessary that every moment from the time the evidence comes into the possession of a law enforcement agency until it is introduced at trial be accounted for by every person who could have conceivably come in contact with the evidence during that period. *Garner v. State*, 355 Ark. 82, 131 S.W.3d 734 (2003). The proof of the chain of custody for interchangeable items like drugs or blood needs to be more conclusive. *Laswell v. State*, 2012 Ark. 201, 404 S.W.3d 818.

Here, the note was not an interchangeable item requiring more conclusive proof. S.S., the author of the note, identified her own handwriting and said that the State's exhibit looked "exactly like the note I wrote my mother." Sunshyne Clay, S.S.'s mother, also identified the note as the one she had found on her dresser. We cannot say that the trial court abused its discretion in admitting the note over defense counsel's objection to lack of authentication and lack of proof of chain of custody.

Matlock contends for the first time on appeal that the victim's statement could have been manufactured after the allegations in order to bolster the case given the lack of physical evidence. He also suggests a motive for fabrication, stating that Clay was angry at Matlock for breaking up with her and seeing other women. Because these arguments were not raised below in connection with the admissibility of the note, we decline to address them. *Threadgill v. State*, 347 Ark. 986, 69 S.W.3d 423 (2002). Similarly, Matlock argues that the trial court erred in admitting S.S.'s note because it contained inadmissible hearsay. Matlock did not raise an objection to hearsay below. In order to preserve a hearsay objection, a defendant must make a timely, specific objection stating that ground. *Winkle v. State*, 374 Ark. 128, 286 S.W.3d 147 (2008). Matlock's argument is not preserved for review.

## II. *Denial of Motion for Continuance*

The standard of review for alleged error resulting from the denial of a motion for continuance is abuse of discretion. *Green v. State*, 2012 Ark. 19, 386 S.W.3d 413. When evidence is not disclosed pursuant to pretrial discovery procedures, the burden is on the appellant to establish that the omission was sufficient to undermine confidence in the outcome of the trial. *Burton v. State*, 314 Ark. 317, 862 S.W.2d 252 (1993). The key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose; absent a showing of prejudice, we will not reverse. *Id.*

Matlock argues that the trial court erred in denying his motion for a continuance because the State failed to produce S.S.'s statement during discovery and that the denial prevented him from hiring a handwriting expert and subpoenaing S.S.'s school records to compare the handwriting. He contends that there is no evidence, other than statements of counsel, that the defense received a copy of the statement prior to trial.

S.S.'s note was introduced into evidence on the first day of trial over defense counsel's objections, and Matlock did not move for a continuance until the second day of trial. We agree with the State that Matlock's motion for a continuance was not timely made. In any event, the trial court ruled that there had been no discovery violation. The trial court specifically believed the prosecutor, who stated that the case file containing the note had been mailed to defense counsel on November 9, 2016, and that it had also been provided via Dropbox on June 11, 2018. Under these circumstances, we cannot say that the trial court abused its discretion in denying the motion for a continuance.

### III. *Rejection of Proffered Jury Instruction*

The jury was instructed that there were three separate ways to find Matlock guilty of rape. A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person (1) by forcible compulsion, or (2) who is less than fourteen years of age, or (3) who is a minor and the actor is the victim's guardian. Ark. Code Ann. § 5-14-103(a)(1), (3)(A) & (4)(A)(i) (Supp. 2017). Matlock requested that the jury be instructed on first-degree sexual assault. A person commits sexual assault in the first degree if the person engages in sexual intercourse or deviate sexual activity with a minor who is not the actor's spouse and the actor is a person in a position of trust or authority over the victim. Ark. Code Ann. § 5-14-124(a)(1)(C). The trial court refused the proffered jury instruction, ruling that first-degree sexual assault is not a lesser-included offense of rape. It is reversible error to refuse to give an instruction on a lesser offense when the instruction is supported by even the slightest evidence. *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001). We will affirm a trial court's decision to exclude an instruction on a lesser offense only if there is not a rational basis for giving the instruction. *Id.*

Matlock asserts that first-degree sexual assault is a lesser-included offense of rape because it may be established by proof of the same or less than all the elements required to establish the commission of rape. *See* Ark. Code Ann. § 5-1-110(b)(1) (Repl. 2013). Although the jury did not indicate on which one of the three scenarios it based its guilty verdict, Matlock asserts that sexual assault in the first degree is a lesser-included offense of guardian rape. "Guardian" includes anyone who, by virtue of a living arrangement, is placed in an apparent position of power or authority over a minor. Ark. Code Ann. § 5-14-101(3).

Matlock argues that the only difference between the elements is that the third element of sexual assault in the first degree requires proof that at the time of the alleged deviate sexual activity, the victim was not the appellant's spouse.

Matlock asserts, without citation to authority, that "proof that someone is the victim's guardian necessarily also proves that the person is not the victim's spouse. A person can't be the victim's spouse and the victim's guardian at the same time as they are mutually exclusive." The qualifications of a guardian are set out in Ark. Code Ann. § 28-65-203 (Supp. 2017). There is no such limitation as suggested by Matlock. *See also Rogers v. Ritchie*, 2017 Ark. App. 420, 528 S.W.3d 272. Alternatively, Matlock argues that proof of the nonmarriage of the alleged perpetrator and the victim is an implied element of guardian rape. For this proposition, he cites authority from a foreign jurisdiction, *State v. Stockwell*, 150 P.3d 82 (Wash. 2007), and *State v. Bailey*, 757 P.2d 541 (Wash. Ct. App. 1988). We decline Matlock's request to treat proof of nonmarriage as an implied element of guardian rape.

As Matlock concedes, first-degree sexual assault contains an additional element that guardian rape does not—proof that the minor is not the actor's spouse—so it is not a lesser-included offense. *Webb v. State*, 2012 Ark. 64 (holding that second-degree sexual assault is not a lesser-included offense of rape under section 5-14-103(a)(3) because it included additional elements, including the age of the perpetrator); *Joyner v. State*, 2009 Ark. 168, 303 S.W.3d 54 (holding that second-degree sexual assault is not a lesser-included offense of rape under section 5-14-103(a)(3)(A) because it requires proof of two elements that rape does not—the defendant's age and marital status with respect to the victim). We hold that

6

the trial court did not abuse its discretion in refusing Matlock's proffered jury instruction because first-degree sexual assault under Ark. Code Ann. § 5-14-124(a)(1)(C) is not a lesser-included offense of rape under Ark. Code Ann. § 5-14-103(a)(4)(A)(i).

Even if first-degree sexual assault were a lesser-included offense, there would be no rational basis on which to allow the jury instruction because Matlock claimed that he was innocent of the allegations. *Martin v. State*, 46 Ark. App. 276, 280, 879 S.W.2d 470, 472–73 (1994) ("Where the appellant relies on the defense of complete denial[,] there is no rational basis for giving instructions on lesser-included offenses and the trial court is correct to refuse such instructions.").

Affirmed.

SWITZER and VAUGHT, JJ., agree.

*Richard Rhodes*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.